UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JIA MING HUANG,

       Petitioner,

v.

UNITED STATES OF AMERICA,

       Respondent.

**DECISION AND ORDER**
12-CV-223S
10-CR-212S

1. Presently before this Court is the motion of *pro se* Petitioner, Jia Ming Huang, to vacate, set aside, or correct his sentence and conviction under 28 U.S.C. § 2255. Huang contends his attorney was ineffective and that this Court should reduce his sentence. For the reasons discussed below, Huang's motion is denied.

2. On February 23, 2011, Huang, who does not have legal status in this country and who does not speak fluent English, appeared before this Court and pleaded guilty to conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349. Through an interpreter at the plea hearing, this Court confirmed that Huang and the Court could understand one another (Plea Hr'g Tr. at 1–3; Docket No. 164), inquired into competency (id., at 11), informed Huang of his rights to plead not guilty and to go to trial (id., at 14), confirmed that Huang committed the acts charged (id., at 16–17), confirmed that Huang understood his waiver of appeal rights (id., at 24), confirmed that Huang understood that he might be deported as result of a guilty plea, (id., at 25), discussed forfeiture (id., at 26), ensured that the plea was voluntary (id., at 28) and accepted the guilty plea (id., at 29).

3. In the signed plea agreement, the parties agreed that Huang's total offense

level, for purposes of sentencing, was 28 and that his criminal history category was I. (Plea Agreement, ¶¶ 7–12; Docket No. 114.) As calculated by the parties in the plea agreement, this resulted in a guidelines sentencing range of 78 to 97 months. In the agreement, Petitioner "knowingly waive[d] the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release." (Id., ¶ 21.)

4. On July 27, 2011, this Court sentenced Huang to a 78-month term of imprisonment and imposed a three-year period of supervised release. (Sentencing Tr., at 26–27; Docket No. 166.) Huang did not appeal.[1]

5. On March 15, 2012, however, Huang filed the present motion under 28 U.S.C. § 2255, which allows federal prisoners to challenge the constitutionality of their sentences. That section provides, in pertinent part, that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

6. The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental

---

[1] The United States Supreme Court has held that an ineffective assistance of counsel claim may be raised in a § 2255 motion even if it was not raised on direct appeal. Massaro v. United States, 538 U.S. 500, 123 S. Ct. 1690, 1696, 155 L. Ed. 2d 714 (2003).

2

defect which inherently results in a complete miscarriage of justice.'" Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)). When, as here, a defendant waives his right to appeal or collaterally attack a sentence within an agreed upon range, he may not, absent limited exceptions, appeal the merits of a sentence conforming to the agreement. United States v. Hawkins, 513 F.3d 59, 61 (2d Cir. 2008).These exceptions include:

> when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial, or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of judicial responsibility.

Held v. United States, No. 3:08CV1189(MRK), 2009 WL 179820, at *3 (D. Conn. Jan. 20, 2009) (quoting United States v. Gomez–Perez, 215 F.3d 315, 319 (2d Cir. 2000)).

7. In his motion, Huang argues that his attorney, Frank Housh, was ineffective for failing to inform him that he could consent to removal from the country and thereby potentially avail himself of a two-point downward departure in his offense level.

8. Although an ineffective assistance of counsel claim can survive an appeal waiver, it will do so only if the petitioner can "connect the knowing and voluntary nature of [his] plea decision with the attorney's conduct." Parisi v. United States, 529 F.3d 134, 139 (2d Cir. 2008). Huang, however, does not allege that his attorney was ineffective in securing, negotiating, or advising him to accept the plea itself; he asserts only that his attorney was ineffective as to the length of his sentence. Huang does not claim, in other words, that his plea was other than knowing or voluntary. This, coupled with the fact that

his sentence was within the guideline range – his sentence was, in fact, at the lowest end of the guideline range – is fatal to Huang's claim. In such a situation the Second Circuit has stated that:

> a defendant [] who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence [may not] appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless.

United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993)

9. Indeed, the Second Circuit has addressed the very issue presented by Petitioner's motion. In United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998), just as in this case, the petitioner "d[id] not contend that his waiver of his right to appeal was not knowing and voluntary. Nor d[id petitioner] suggest that he received ineffective assistance of counsel in entering the plea agreement." Id. Instead, the petitioner "claim[ed] that his waiver should not bar consideration of his appeal because counsel was ineffective not at the time of the plea, but at sentencing." Id. In considering Petitioner's argument, the court in Djelevic left no room for doubt: it "emphatically reject[ed] this contention." Id.

Like the petitioner in Djelevic, Huang's waiver of his right to collaterally attack his sentence precludes him from bringing this motion. See, e.g., United States v. Williams, 448 F. App'x 156, 157 (2d Cir. 2012) (summary order) ("Williams' sentence fell within or below the Guidelines ranges specified in the plea agreements, and therefore triggered the appellate waiver provisions of those agreements. His arguments as to the adequacy of his attorney's performance at sentencing are consequently foreclosed"); United States v. Arevalo, 628 F.3d 93, 98 (2d Cir. 2010); Bossous v. United States, No. 11 CIV. 5303 DLC,

4

2012 WL 4435312, at * 4 (S.D.N.Y. Sept. 26, 2012) ("To avoid the waiver, the petitioner must contend that she received ineffective assistance of counsel in entering her plea and [petitioner] does not"); United States v. Cano, 494 F. Supp. 2d 243, 249 (S.D.N.Y. 2007) ("Cano's claims of ineffective assistance of counsel in proceedings subsequent to the consummation of the Agreement are barred by his appeal waiver because I sentenced him within the stipulated guideline range.").

10. Even if Huang's claim could somehow be construed to affect the voluntariness of his plea, and thus survive waiver, it would fail on the merits.

11. The Sixth Amendment provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defence." U.S. Const. amend VI. It is well-established that "the right to counsel is the right to the effective assistance of counsel." Eze v. Senkowski, 321 F.3d 110, 124 (2d Cir. 2003) (quoting McMann v. Richardson, 397 U.S. 759, 771 n. 14, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970)).

12. The standard for determining whether a defendant was provided with effective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). To establish a claim under the Strickland standard, "a defendant must show (a) that counsel's representation 'fell below the objective standard of reasonableness' based on 'prevailing professional norms' and (b) that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Eze, 321 F.3d at 123 (quoting Strickland, 466 U.S. at 688, 694).

13. "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." Lafler v. Cooper, 132 S. Ct.

1376, 1384, 182 L. Ed. 2d 398 (2012). There is a strong presumption in favor of the reasonableness of an attorney's performance. See Gilbert v. United States, 05-CV-325, 2006 WL 1174321, at *3 (N.D.N.Y. May 2, 2006) (citing Strickland, 466 U.S. at 688). This presumption applies because it is "too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." Strickland, 466 U.S. at 689.

14. Here, Huang contends his attorney was ineffective for failing to notify him of a 1995 memorandum from the Attorney General that authorizes the United States Attorneys Office to provide a two-point reduction in the offense-level category if a non-legal-status defendant is willing to stipulate to deportation.[2] Presumably, Huang was willing to so stipulate and therefore contends that his attorney should have advocated for the two-point reduction. But, first, this memorandum has been superceded by a later memorandum. See United States v. Galvez-Falconi, 174 F.3d 255, 259 (2d Cir. 1999) (a 1997 memorandum announced that recent changes in the immigration laws "had cast doubt on whether such departures remained appropriate"). And second, the law in the Second Circuit is now clear that:

> [a] defendant seeking a departure under § 5K2.0 [of the United States Sentencing Guidelines] for consenting to deportation must present a colorable, nonfrivolous defense to deportation, such that the act of consenting to deportation carries with it unusual assistance to the administration of justice. In the absence of such a showing, the act of consenting to deportation, alone, would not constitute a circumstance that distinguishes a case as sufficiently atypical to warrant a downward departure.

Id. at 260; see also United States v. Sentamu, 212 F.3d 127, 136–37 (2d Cir. 2000) ("In

---

[2]Memorandum *available at* http://www.justice.gov/ag/readingroom/deportation95.htm.

light of the fact that the overwhelming majority of all deported aliens are removed from the United States without formal proceedings, [petitioner's] stipulation to deportation hardly provides assistance that is unusual or makes his case atypical; rather his consent to removal places him squarely within the heartland of cases involving convicted aliens.")

15. Huang does not argue, and the record does not reveal, that he had a "non-frivolous defense to deportation" such that his consent would entitle him to consideration of a downward departure. Without this vital element, Huang's attorney could not have been ineffective for failing to request a departure to which he was not entitled (and which would remain within the discretion of the sentencing judge in any event). See, e.g., Daza v. United States, No. 03 CIV. 2591 (RMB), 2004 WL 875631, at *4–*5 (S.D.N.Y. Apr. 23, 2004) (denying § 2255 motion based on ineffective assistance of counsel because petitioner did not have non-frivolous defense to deportation); Gomez-Arecena v. United States, No. 99 CIV. 8565 RWS, 2000 WL 45728, at *2 (S.D.N.Y. Jan. 19, 2000) (denying § 2255 motion because "[petitioner] has not made any [] showing [of a colorable defense] in the present case, and the record reveals no colorable defense to deportation that would allow him to slip within the integument of the Galvez–Falconi standard").

****

16. For this Court to issue a certificate of appealability, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the required "substantial showing" the petitioner must establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Rhagi v. Astuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations omitted).

Petitioner has made no such substantial showing of the denial of a constitutional right in this case. Accordingly, a certificate of appealability is denied.

****

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Docket No. 157) is DENIED.

FURTHER, that a Certificate of Appealability under 28 U.S.C. § 2253 is DENIED.

FURTHER, as authorized by 28 U.S.C. § 1915(a)(3), it is hereby certified that any appeal from this judgment would not be taken in good faith and leave to proceed as a poor person is therefore DENIED. See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

FURTHER, that the Clerk of the Court is directed to close case 12-CV-223.

SO ORDERED.

Dated: February 18, 2013
      Buffalo, New York

    /s/William M. Skretny
    WILLIAM M. SKRETNY
    Chief Judge
    United States District Court